IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Lionel James Washington,            )
                                    )      C.A. No. 5:18-1292-HMH
    Petitioner,   )
                                    )      **OPINION & ORDER**
  vs.                     )
                                    )
Bonita Moseley, Warden,             )
                                    )
    Respondent.   )

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Lionel James Washington ("Washington"), a pro se federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge West recommends dismissing Washington's petition. Washington filed objections to the Report and Recommendation. After review and for the reasons below, the court adopts the magistrate judge's Report and Recommendation, dismisses Washington's petition without prejudice, and denies Washington's motion to amend.

---

  [1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. FACTUAL AND PROCEDURAL HISTORY

Washington is incarcerated at FCI–Edgefield. Washington pled guilty and was sentenced to 188 months' imprisonment on December 12, 2009, for possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C). United States v. Washington, No. 3:08-00612-JFA-1.[2] Washington was sentenced as a career offender under United States Sentencing Guideline ("USSG") § 4B1.1 based on two previous convictions, a 2003 conviction for assault with intent to kill ("AWIK") and second degree burglary and a 2006 conviction for distribution of cocaine and distribution of cocaine near a school. Id., (PSR ¶¶ 35, 39.) The United States Court of Appeals for the Fourth Circuit dismissed his appeal on March 22, 2010 without opposition from Washington. Id., (Order, ECF No. 118-1.) Washington filed his first § 2255 motion on December 28, 2010. Id., (Mot. Vac., ECF No. 134.) The court denied his motion on August 24, 2011. Id., (Order, ECF No. 63.) Between 2011 and 2017, Washington filed four more habeas corpus petitions pursuant to 28 U.S.C. § 2255, as well as several motions for reduction of sentence, all of which were denied. (R&R 2-3, ECF No. 15.)

Washington filed the instant § 2241 petition on May 10, 2018.[3] (Compl., generally, ECF No. 1.) The magistrate judge issued the Report and Recommendation on August 13, 2018.

---

[2] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties).

[3] Houston v. Lack, 487 U.S. 266 (1988).

(R&R, ECF No. 15.) After receiving an extension, Washington filed objections to the Report and Recommendation on September 20, 2018.[4] (Objs., ECF No. 27.) This matter is now ripe for review.

## II. Discussion of the Law

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Washington has two objections.

First, Washington objects to the magistrate judge's recommendation that the § 2255(e) savings clause does not authorize the instant § 2241 petition. (Objs. 2, ECF No. 27.) The Fourth Circuit has held that habeas relief pursuant to § 2241 is available only if a § 2255 motion is inadequate or ineffective to test the legality of detention. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255). The § 2255(e) savings clause allows a prisoner to challenge the validity of a conviction under § 2241 if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain

---

[4] Houston, 487 U.S. 266.

relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted). In United States v. Wheeler, the Fourth Circuit adopted a new savings clause test that allows a prisoner to challenge the validity of his sentence under § 2241, rather than § 2255, if:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citing In re Jones, 226 F.3d at 333-34 & n.3).

Washington argues that he can no longer be considered a career offender because his 2003 conviction for nonviolent second degree burglary does not qualify as a predicate offense under USSG § 4B1.1 in light of United States v. McLeod, 808 F.3d 972 (4th Cir. 2015). (Objs. 2, ECF No. 27.) The magistrate judge recommends dismissing Washington's petition because McLeod has not been found to apply retroactively on collateral review, as required by the second prong of the Wheeler test. (R&R 5, ECF No. 15.) In McLeod, the Fourth Circuit held that the petitioner's South Carolina conviction for nonviolent second degree burglary could not serve as a predicate offense for the career offender sentence enhancement under the Armed Career Criminal Act ("ACCA") because the court was unable to determine from the record whether the petitioner had pleaded guilty to generic burglary or nongeneric burglary under South Carolina's burglary statute. McLeod, 808 F.3d at 977 (noting that a generic burglary conviction qualifies as

4

a violent offense under the ACCA sentencing enhancements, while nongeneric burglary does not).

Washington is unable to satisfy the second prong of the Wheeler test because McLeod has not been found to apply retroactively to collateral challenges. No court, including the United States Supreme Court, has addressed the retroactivity of McLeod. Washington alleges that McLeod should be applied retroactively because its holding is a substantive rule that prohibits "a certain category of punishment for a class of defendants because of their status or offense," under the retroactivity exceptions in Teague v. Lane, 489 U.S. 288 (1989). (Objs. 3, ECF No. 27), quoting Frazer v. South Carolina, 430 F.3d 696, 704 n.4 (4th Cir. 2005). McLeod did not create a substantive rule that prohibits a South Carolina conviction for nonviolent second degree burglary from serving as a predicate offense for sentencing enhancement under USSG § 4B1.1. Rather, McLeod held that the petitioner's South Carolina convictions for nonviolent second degree burglary could not serve as predicate offenses to enhance McLeod's sentence under the ACCA because the record was insufficient for the court to employ the modified categorical approach to "determine whether McLeod pleaded guilty to generic burglary." McLeod, 808 F.3d at 977. Moreover, Washington was sentenced as a career offender under USSG § 4B1.1, not under the ACCA. Washington, No. 3:08-00612-JFA-1, (Judgment, ECF No. 98.) Accordingly, Washington's first objection fails.

Second, Washington objects to the magistrate judge's recommendation that Washington's 2003 conviction for AWIK remains valid even though the South Carolina AWIK statute under which he was convicted was repealed in 2010 by the Omnibus Crime Reduction

and Sentencing Reform Act of 2010 ("the Act").[5] (Objs. 5, ECF No. 27.)  Additionally, for the first time, Washington submits that he was convicted of the misdemeanor state offense of AWIK, rather than the felony offense of assault and battery with intent to kill.[6]  (Id., ECF No. 27.)  As an initial matter, the 2010 repeal of the statute did not retroactively decriminalize AWIK.  Thus, Washington's 2003 AWIK conviction remains valid.  Moreover, the South Carolina AWIK statute was repealed when the Act was signed on June 2, 2010, before Washington's first § 2255 motion was filed on December 28, 2010.  Act No. 273 § 66.  As such, Washington cannot bring this argument under § 2241 because he cannot demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention under Wheeler.  Wheeler, 886 F.3d at 429 (requiring a change of settled substantive law to occur "subsequent to the prisoner's direct appeal and first § 2255 motion" in order to bring a traditional § 2255 motion under § 2241).  Accordingly, Washington's second objection fails.

Based on the foregoing, the court finds that Washington cannot challenge his sentence under § 2241 because § 2255 is not inadequate or ineffective to test the legality of his detention.  Based on the foregoing, Washington's petition is dismissed.  Additionally, Washington is unable to cure the defects in his petition by amending it, so his motion to amend is denied.

---

[5] The Act overhauled South Carolina's criminal statutes, repealed various common law AWIK offenses, and codified them at S.C. Code Ann. § 16-3-600.  Omnibus Crime Reduction and Sentencing Reform Act of 2010, Act No. 273 §§ 1-2.

[6] Notably, whether a prior conviction qualifies as a felony under the USSG is not determined by how the state labels the offense.  South Carolina has a number of misdemeanors that qualify as felonies under the USSG, which defines a felony as an offense that is punishable by imprisonment for a term exceeding one year.  USSG § 4B1.2(a); USSG § 4A1.2(o).  See State v. Mims, 335 S.E.2d 237, 238 (S.C. 1985) (noting that in South Carolina, assault with intent to kill is a misdemeanor punishable with a maximum term of ten years' imprisonment).

It is therefore

**ORDERED** that Washington's petition, docket number 1, is dismissed without prejudice. It is further

**ORDERED** that Washington's motion to amend, docket number 21, is denied.

**IT IS SO ORDERED**.

                                          s/ Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
October 19, 2018

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.